21-2121 Eastern Missouri, Perficient v. Thomas Munley. Good morning, your honors. May it please the court and counsel, on review before this court is the district court's enforcement of a non-competition agreement in the context of an order granting a preliminary and permanent injunction and an order granting summary judgment on Perficient's contract claim. This case has an unusual procedural posture. The district court combined the hearing on the preliminary and permanent injunction, deciding the equitable claims first and making determinations of fact in that proceeding. The district court then determined the legal claims on summary judgment. Even though the facts and legal arguments are the same with respect to the grant of the injunction and the grant of summary judgment, the unusual procedural posture results in shifting standards of review for this court. Counsel, let me just ask you a procedural question. You say the findings were made in issuing the injunction. Was that after trial, after hearing, or are we talking about conclusions? So, your honor. Are these fact findings we review for clear error, assuming we can review that order at all? And I'd be glad to speak to whether or not you can review the order, but first let me address your question. That's a serious question, but that's later. So, there's no doubt, because of the combining. So, typically what you have in these cases is... Just, it was a procedural question. Are these really findings, or were they after an evidentiary hearing, or were they made on a motion? They were findings after, and there were factual findings after an evidentiary hearing on a combined preliminary and permanent injunction hearing. Okay, thank you. I lost track of that. And to your point, this does result in different standards of review, and I think that you hit on this, Judge Loken, that with respect to reviewing factual determinations on the motions for preliminary and permanent injunction, the court reviews those determinations for clear error. But even though the same facts and the same arguments already... Okay, now let's, as long as we've already touched on it, let's go to why you aren't barred by failing to appeal the injunction order, which was appealable. So, the injunction, the permanent injunction order was appealed, Your Honor, and it was before this court. And actually, I think that you authored the opinion, and you noted that that appeal was dismissed as moot because the permanent injunction had expired. But you very wisely stated in your order that the findings and conclusions on the permanent injunction order will remain subject to review should they be challenged on appeal from the court's final order. In other words, the order remains, in effect, subject to modification or vacating by the court. But I understood the notice of appeal to attempt to bring up the injunction order. All we said in the first opinion was that the district court, if it wants to make those findings on the merits, that would be reviewable under the standard, the appropriate standard for the subsequent order. Your Honor, you were the author of the opinion. My reading of the, so I would defer to you, but my reading of the opinion is that you said, you know, that it was an unusual situation because of the combining of the preliminary and permanent injunction. And so, because of that, and because the permanent injunction had expired, the opportunity to review those findings escaped review for purposes of that first appeal. But what you stated is, is that... The findings, but not the conclusions. The findings and conclusions... The ability to appeal the preliminary injunction conclusions, the database factors balancing, for example, that you lost by mootness. Except, Your Honor, I mean, you said that the findings and conclusions were still subject to appeal. And you noted that the reason for that was that the case remains pending in the district court with unresolved damage and attorney's fees issues that may turn on or be affected by the district court's findings and conclusions. So you are absolutely right when you predicted that, because that's the position we're in now. If you don't review, if you say that the permanent injunction order is now moot because it didn't make it through the appeal process in time last time, then that deprives Mr. Munley of challenging that finding and that impacts attorney's fees. You know, like so many lawyers, you totally confuse findings and conclusions, and courts do it all the time. They write in their opinions, well, we hereby find and then state a conclusion of law. The conclusions of law that we're reviewing are those in the summary judgment order. If they duplicate conclusions reached in the preliminary injunction order, fine, we review them, but we're not reviewing the preliminary injunction. Now, if there were findings of fact that supported the, this is what I, this was the vacator question after dismissal for moot, do we vacate the preliminary injunction order because it's moot? And we're not going to do that because the findings may be relevant down the road. To the extent they're relevant down the road, they're reviewed for clear error. Your honor, so I understand that, that, I mean, the, the injunction is moot. Per your earlier opinion, both the findings and the conclusions in that order are subject to review. No, I didn't. Okay. Well, that's not right. That, that's not mootness law. You're, you're arguing, well, I wish, I would, I wish a, what, what's, what, what you wish to have applicable, but it's inconsistent with mootness law. So I would concede, your honor, that the injunction, the injunction itself is moot because it's no longer in effect. But the vacator, the vacator order, the, the, the order was not vacated only because the findings might have relevance down the road. Otherwise, the standard rule is you vacate the order. And as you noted in your order, absolutely correctly, whether or not. We're wasting too much time with this. Far too much time. Counselor, if you could, I'd like to have you address whether the April 15th order is a final order over which we have whether or not the order is final. First, you have to look at whether or not there's a final decision within the meaning of 28 USC 1291. And then the Ray Haluch gravel company versus central pension case, the Supreme court court held that a decision on the merits is a final appealable decision, even if the award or amount of attorney's fees and costs remains to be determined. And that this remain, this applies equally to whether it's a claim for attorney's based on contract, or it's a claim for collateral litigation costs. And that's exactly what we have here. Even that the district court acknowledges, even in its April 15th memorandum and order, the court stated proficient has established that it is not seeking any monetary damages, except attorney's fees. So we have precisely the situation that the Supreme court addressed in the Haluch case. And that is the only issue left to be determined is the amount of attorney's fees. Doesn't Haluch involve a post judgment prayer for fees? It does under rule 54. Here we have a pre judgment part of the contract damages fee issue hanging out there. How can this be a final judgment on that claim when there's not been a determination on the damages? So it's the Supreme. Actually, I want to correct myself. So in Haluch, it involved a claim for contractual attorney's fees under a collective bargaining agreement. So like here, there was a claim for fees under a contract. And what the United States Supreme court said is that, look, it doesn't matter whether those damages are being calculated as damages under a contract, or whether they're collateral litigation costs, regardless. If that's all that's left, whether they're being calculated as a contractual damages or not, then you have a final appealable decision on the merits. And the reason for the Haluch case was that Budenich seemed to leave open that question. Is there a difference between attorney's fees that are sought under rule 54 D and attorney's fees that are sought under a contract? And that's when the United States Supreme court came in and said, yes, we're making even getting there is an order that complies with the normal test of finality that the district court has declared its intent to end the case. And it seems to me the only way you can prevail on that is by relying on the precise language that Judge Ross used when he said, it is hereby ordered that summary judgment is entered in favor of perspicience. And then he goes on to say, in typical fashion, but a little different because we have the question of whether it's part of damages under Missouri law, he says, following judgment. And does that, is that okay under Haluch or not? I think it probably is, but it's a darn interesting question that I don't know that anyone's addressed. So, you know, that language, I mean, what he said is the court will issue a final judgment after a ruling on an attorney's No, that doesn't do it. You lose if that's the operative provision, because then the order does not bear the trappings of a final order. And the Supreme court is not attending to throw out basic 1291 principles, I hope. At least they haven't yet. And what the Supreme court says under 1291 is that if the only issue is attorney's fees, regardless, then it is a final decision for 1291. But, well, suppose it was, suppose it was some region, you know, some less than complete summary judgment. Well, that would be a different issue because there would be issues to determine other than the amount of attorney's fees. Well, that's the question. Is that a different issue? Well, according to the, I think under Haluch it would be, because what Haluch says... I know that's your position, but what do you have to support the position vis-a-vis, you know, the unusual circumstances here? So, I mean, the language of the decision itself, whether the claim for attorney's fees is based on a statute, a contract, or both, the pendency of a ruling on an award for fees and costs does not prevent, as a general rule, the merits judgment from becoming final for purposes of... As a general, as a general rule. And here, that's all that's left. And I see that, I see that I'm getting short on time. Wait, wait, forget that. All that's left is the question of damages under Missouri law, which is an essential element, typically, of a final judgment on a claim of this kind. The only... So, typically, the district court clearly could have worded this ruling so as to avoid Haluch. He could have, but he didn't. I'm granting summary judgment as to liability. Damages remain open, as well as the issue of attorney's fees. Please brief that, and then I'll issue a final order. If he'd said that... Is that... But that's different. I mean, that's different. If there's an issue of damages that's unrelated to attorney's fees, then that would take you out of Haluch. But as long as the only issue remaining on damages is related solely to attorney's fees, then you fall squarely within the ruling under Haluch. Okay. Now, give me the case for cases that support that, because I don't think there are any. Yet, Haluch is not that old. Haluch is not that old. But I would tell you... So, I'm unaware of any subsequent cases, but I would say that the language of Haluch itself supports it, because it very clearly states that if the only thing left, even if it's damages under a contract, if those damages are contractual damages, you have a final opinion on the merits. So, I see that my time is up. I'm more than happy to answer any other questions. Thank you. You've gotten at what was bothering me, so thank you. Mr. Wesselschmidt. Thank you, your honor. May it please the court. As an initial concern, we agree with some of the issues that were set forth here already, I think, that are highlighted by the court. Mr. Munley's appeal must be dismissed for the basis that we've already set forth in our motion to dismiss. There's simply not been a final judgment that's been entered in this case. But, yeah, wait a minute. There has. He says, enter summary judgment on the merits. And there's something still remaining. Once again, we have attorney's fees, and here, by reason of Missouri law, the attorney's fee question is wrapped up in a final determination of damages. And I think there's. So, I will enter a final judgment on those two questions after briefing. Now, that sure sounds like something that Halluj meant to include in the Butinich arena. I think there's two important distinctions from the Halluj case, and I think the first is something that the court has already noted, which is in that case, there was an award with a dollar sign on it for actual damages in the amount of $26,000 that was entered. And then the court directed the parties to brief this fee issue pursuant to the contract. Here, there are two categories of damages that were at issue in summary judgment. One is the attorney's fees that we're already talking about. And the second is nominal damages. And the court found in its summary judgment order that proficient show that it was entitled to both categories of damages, such as was necessary to support an award of summary judgment. But neither category of damages has been awarded by the court anywhere. There's no, there's no document that says proficient hereby awarded nominal damages in the amount of $1, $10, whatever. So, we look back at what this court has already said about the amount of the issue of unquantified awards of damages. For example, in that Maristituin case versus National States Insurance, which we've cited in our briefing. In that case, there was an award of punitive damages, and there was award of attorney's fees, but neither category of damages had been quantified yet. And this court held that if there's an unquantified award or finding as to a category of damages, then it's not final for the purposes of appealability. That's exactly the situation that we're in here. Under 1291, a judgment is final if a party can go out and execute the judgment. I have nothing that I could show to a sheriff to execute a judgment against Mr. Munley. Not even an amount award of $1, $2, whatever the nominal damages amount is. The court specifically states that it's ordering the parties in its final order to brief its proficient's request in support of its request for damages and attorney's fees. So, there's not been briefing as to damages. There's not been evidence as to the amount of those damages. And most importantly, there's not been a judgment that says proficient is hereby awarded this amount. Now you can go and collect it. That's the test for finality under this court's analysis of 1291. And I think that the Hallich gravel case is consistent with that. Because in that case, there was an award with a dollar sign on it as to the amount of actual damages. That plaintiff in that case could go out and collect those damages. That's the test for what makes a final judgment. And that's not what we have here in this set of circumstances. You know, see, the 8th Circuit was one of the, one of the, when the Supreme Court laid out the conflict in the circuits, we were one of those on the losing side. Your Honor, I know that. Justine, and so there's no question. I think you've accurately summarized pre-Hallich 8th Circuit cases as the finality, some of which, all of which I've endorsed, some I've written. But the Supreme Court has said, hey, it's different. You've got to put an asterisk when the question is attorneys' fees. And now we have to define, we have to define the asterisk. The asterisk, I think, Your Honor, is when the question is only as to attorneys' fees. And if we had a circumstance here where the court said- So any time, any state which makes it, the award of attorneys' fees part of the damages, damage element, gets free of Hallich, come on. No way. Your Honor, I think that's not the point that I was intending to make. The nominal damages is a separate award. But that's the effect of the argument. The nominal damages is a separate award, and it's not been awarded yet. There's no judgment awarding proficient anything at this point. Not even a dollar. Nominals are not going to drive this train, I don't think. It's still a category- The Supreme Court, if the Supreme Court, there's no way they would say that the retention of nominal damages, when the only meaningful issue left is attorneys' fees, that just doesn't apply. I mean, I think we'd be quickly reversed on that one. There's also the question of the carve-out, Your Honor. And I think that this is what you were getting at, which is the carve-out that's in Rule 54, which provides that a claim for fees and related non-taxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages. And that's the separate question that I think you're getting at. Here we have a set of circumstances- No, it wasn't. I'm trying to apply Hallich to Missouri law and this district court's order. And I think what we have is a distinction in the facts and the circumstances of the orders that were entered. And I think the dollar sign attached to that order in Hallich is a substantial and meaningful distinction of the circumstances here, where the court has specifically stated, Judge Ross specifically stated, that following briefing, the court will enter a final judgment. The final judgment simply has not yet been entered in this case. The district court hasn't done anything after the filing of the notice of appeal, is that right? The district court issued a stay of the proceedings after some back and forth between the parties. In fact, the appellant, Mr. Munley, has asked for a jury trial with respect to the amount of fees, because based on the finding that these are an element of Perficient's actual damages. And counsel for Mr. Munley came in and said, OK, if they are actual damages, and they're a category of your damages under the contract, which you've pleaded and which the court has found, we're entitled to a jury trial on that amount. And we've agreed to that. So that category of damages is undetermined by the finder of fact. And I think that's what I'm trying to get at with this carve out under Rule 54, which was discussed by the Supreme Court in the Hallich case, that where the substantive law requires those fees be proved at trial. That's exactly where we find ourselves with respect to the attorney's fees question. Mr. Munley made a separate promise under the contract to pay those fees, and that amount is yet to be determined or ascertained by the finder of fact. All the court has done is to decide, yes, Mr. Munley did breach the contract. It's an enforceable contract. You are entitled to summary judgment because you have made a showing that you incurred damages sufficient to prove the elements of a breach of contract claim, one of which obviously is actual damages. Your argument was squarely rejected in Hallich, if not in Budnik. You're just saying that when a district court recognizes that there may be some lawyering and some fact-finding and so forth involved to determine a trailing attorney's fees question, then the merits ruling is not final. That's not the law. Your Honor, I think that the Hallich case acknowledged the existence of that carve-out under the rule and didn't make a determination on that issue because the appellant in that case, who I think was the plaintiff of the underlying litigation, abandoned that claim prior to argument before the Supreme Court. And Judge Kennedy's order sets that forth that the appellant plaintiff is no longer proceeding on that claim. But here we have a finding by the district court that, yes, these damages are consequential damages under Missouri law. Therefore, we're moving forward with their determination, including in this case, a bench trial as requested by Mr. Munley. And I think that's a separate issue which entirely supports dismissal aside from this nominal damages question and aside from the fact that there has not yet been a final judgment entered. The document specifically indicates that summary judgment is entered, but I am not entering a final judgment at this time. With that stated, I'll move on to some of the merits of the appeal, if I may. Here we have a case where Mr. Munley was an employee of Perficient at a high level. He was a well-compensated senior executive person, and he entered into an agreement that had restrictive covenants. One of those restricted covenants was that he would refrain from entering into any sort of competitive service relationship with a competing business in which he would perform competing duties. The facts necessary to support Perficient's summary judgment claim and its breach of contract claim are all admitted. This is not a case where the parties really dispute the facts. This is a case where the parties have admitted the facts as to what he agreed to, as to what his duties were, as to what his duties were at the new employer, and they dispute really the legal effect of that. And that's why summary judgment was sought really by both parties at the same time before Judge Ross. And the record contains, I think, all of the necessary admissions to support summary judgment on that basis. Mr. Munley had access to Perficient's confidential business information and, in fact, authored a lot of that confidential business information himself. The most central point of that was the go-to market plan for Perficient's Salesforce CPQ offering. And I won't get into all the details of that, but the important thing, I think, about that document is that it is a business plan for a new product offering that Mr. Munley himself authored and himself directed Perficient employees to work on as a new offering. Then, after his employment with Perficient ended, he moved over to a company that offers Salesforce CPQ implementation services, the exact line of business that he had personally authored for Perficient on that basis. That was a breach of his contractual obligations, and he admitted that he had confidential and proprietary. That's the language that was used in the summary judgment pleading. Confidential and proprietary information at Perficient. That's an admitted fact in the summary judgment pleadings. Counsel, with regard to the competitive duties provision, doesn't Missouri law require those to be limited spatially or to actual customers or in some way rather than just a global prohibition? Yes, Your Honor. There are limitations based on the nature of the competition and the nature of the business. With respect to the customers themselves, that's really more of a question about a non-solicitation provision. There's that Wayland security case that discusses that heavily from the was not going to be enforced. We're going to enforce the non-solicitation covenant only as to employees that these people personally dealt with. What about competitive duties? In what way is it limited? Competitive duties covenant would be limited to the extent that the services that are being offered are competitive, truly competitive, and are in the areas, geographically speaking or temporally speaking, that are competitive to the offerings of the former employer. I thought this was worldwide. That's correct. What we have here is a global business. The point I'm getting at is that under Missouri law, these covenants are disfavored to start with and they can't protect an employer from mere competition. So how can you prevent someone from applying their trade worldwide? Because he performed globally reaching services on behalf of Perficient. Perficient is a global operation. You have to look also at the nature of the business that's being discussed. This is the case law that we've cited in our briefing. You have a business like this that's conducted electronically by phone, by video, that reaches to global customers. Geographical limitations don't mean much. So if this was his only trade or skill, does that mean he has to switch occupations? It would mean that he would have to perform services that were not competitive to those services that he performed. And that's in fact what Judge Ross ultimately ordered. He did not require Mr. Munley and the injunctive relief phase of this to quit his job or to leave the company, Spalding Ridge. He enjoined him from performing services in relation to consulting for one set of software. Specifically, Salesforce is the manufacturer of that software. The evidence showed at trial or at the hearing on preliminary and permanent injunction that that company offered a number of other services and the court held that it was proper to enjoin him from performing services related to Salesforce, but not proper to make him quit the company. He could work in these other areas without breaching his competitive duties covenant. And with that, I'll rest unless there's any further questions. Very good. Is there a rebuttal time? I think I exhausted my rebuttal time. Well, but we did it to you. I'll give you two minutes to address the merits, not the jurisdiction. Thank you, Your Honor. So enforcement of a non-compete is very fact specific. There has to be, in order for it to be enforceable, as Judge Gross pointed out, there are real limitations under Missouri laws to the enforceability. And so in order for it to be enforceable, there has to be a protectable interest and the scope of the covenant has to be reasonable. And these are fact driven. And the problem, respectfully, the problem with Mr. Wesselschmidt's argument and the problem with the district court's orders is that there are really, if you dig down, there aren't really any facts that support that there's a protectable interest. And there aren't really any facts as a that covenant was reasonable. And just to address it very quickly, protectable interest, customer contacts, when you look at what was presented and what was relied upon, it was three one-off customer contacts. That does not, as a matter of law, that does not have, does not amount to a protectable interest under Missouri law. They lack the quality, frequency and duration necessary to establish that Mr. Munley had any ability to influence these individuals. And I will note that the contacts are with individuals who ultimately weren't customers. The same is true with respect to trade secrets. There are general assertions that things are trade secrets, but there's no explanation of how certain information allowed Spalding Ridge to gain an advantage over the competitors. And I will note, Perficient didn't have a CPQ practice, and that's what's at the heart of this case. Mr. Munley went to Spalding Ridge that had a robust CPQ practice. So it's unclear what trade secrets Perficient would have that would have benefited Spalding Ridge. Thank you for allowing me the additional time for rebuttal. I have one question that, it seemed to me that, because you throw six issues at us, and it seems to me that four and five are either moot or harmless error because the trial court found no actual damages. Four is this, the email did not breach the duty to disclose new employment. Why do those matter when there's no damages? Because that goes to the attorney's fees claim that's being made by Perficient. So their argument is, in order to prevail on our breach of contract claim, it's sufficient to show nominal damages. And as a result, we can collect attorney's fees based on that. And so a determination of whether there's really a breach of those provisions is important in determining the right to attorney's fees. Thank you. Thank you. It's been fairly brief. The argument has been helpful. A bit diverted by jurisdiction, but jurisdiction is always important. We'll take it under advice.